IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY COLUCCI, an Idaho resident; GEORGE BELL, an Idaho resident; RON SCHMELING, a Wisconsin resident; CHRIS ROONEY, a Missouri resident; JAY POLLMANN, a Colorado resident; and KEN BIGLER, a Wisconsin resident, <br><br>　　　　　　　　　Plaintiffs, <br><br>vs. <br><br>MPC COMPUTERS, LLC SEVERANCE PLAN FOR EMPLOYEES; and JOHN P. YEROS, individually and in his capacity as Administrator of the MPC COMPUTERS, LLC SEVERANCE PLAN FOR EMPLOYEES, <br><br>　　　　　　　　　Defendants. | Case No. CV-08-0494-S-REB <br><br> **ORDER** |

Currently pending before the Court is Plaintiffs' Petition for an Award of Attorney Fees and Nontaxable Costs (Docket No. 11). Plaintiffs seek an award of $479.40 in nontaxable costs and $29,826.54 in attorneys' fees. Defendants have not responded or otherwise objected to Plaintiffs' Petition and the time to do so has expired.

**I.   BACKGROUND**

On November 14, 2008 Plaintiffs initiated this action against Defendants, seeking to recover severance benefits under the Employee Retirement Income Security Act ("ERISA"). (Docket No. 1). Plaintiffs filed a First Amended Complaint on November 21, 2008. (Docket No. 2). Defendants did not respond to the First Amended Complaint, nor have they appeared in

**ORDER - 1**

this action in the four months it has been pending. For this reason and because the record demonstrated that proper service of the First Amended Complaint had been accomplished, on December 29, 2008, the Clerk of the Court entered default in Plaintiffs' favor. (Docket No. 9). The Clerk later entered a Clerk's Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). (Docket No. 16). This Judgment included an award of costs and attorneys' fees, with the amount to be determined by the Court at a later time. *Id.* at p. 2.

## II.   ATTORNEYS' FEES

### A.   Standards of Law

In ERISA actions involving delinquent contributions, "the court in its discretion may allow a reasonable attorney's fee and costs." 29 U.S.C.A. § 1132(g)(1). A two-step lodestar/ multiplier approach is used to calculate reasonable attorneys' fees. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* "In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch*, 480 F.3d at 946 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). "Second, in rare and exceptional cases, the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.*

**ORDER - 2**

### B.  Reasonable Attorney's Fees are Based on the Hourly Rates Supported by the Record and the Actual Hours Worked and not the Contingency Fee

#### 1. Contingency Fee

Plaintiffs' counsel charged a contingency fee of 35% of the gross amount recovered for Plaintiffs, and Plaintiffs now seek an award in the full amount of the contingency fee, $29,826.54.  *See* Aff., p. 5 & ¶ 21 (Docket No. 11-2).  Plaintiffs acknowledge that "contingency cannot be used to justify a fee enhancement . . . or an inflated hourly rate."  *Welch*, 480 F.3d at 947; *see also City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (holding that "enhancement for contingency is not permitted under the fee-shifting statutes").  *See* Aff. at ¶ 12.  The Court has considered the contingent nature of the fee agreement, but finds the lodestar calculations set forth below reflect the reasonable fee in this case, which lasted only six weeks from filing to default.  *See, e.g.*, *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 312 (3d Cir. 2008) (explaining that "the lodestar approach, as opposed to a contingency fee approach" is the appropriate method to award fees); *Local 513, Int'l. Union Operating Eng'rs v. Larry Ortmann Contracting, Inc.*, 2009 WL 151698, *32 (E.D.Mo. Jan. 22, 2009) (declining "to automatically apply the 33 1/3 percent fee award provision in the collective bargaining agreement," and instead reviewing the affidavit of plaintiffs' attorney and his billing records to determine a reasonable attorney's fee award).

#### 2. Reasonable Hourly Rates

As an alternative to an award of the full contingency fee, Plaintiffs seek an award of $12,130 based on an accounting of the time expended by counsel in this case.  The Court has considered the affidavits of Walter Bithell and Lance Salladay, submitted by Plaintiffs to

**ORDER - 3**

demonstrate the reasonableness of the rates requested by each attorney in this case, *see* Aff., Exs. 3 &4 (Docket No. 11), and determines the hourly rates of $250 for Bruce Jones, $200 for Eric Swartz, and $150 for Joy Bingham, are reasonable for the type of work performed in this geographic region, taking into consideration each attorney's years of experience. *See* Aff., pp. 6-7; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (explaining that billing rates "should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity") (citation omitted).

The $250 hourly fee for Mr. Bruce is reasonable considering that in 2005–four years ago–a local attorney who practiced in this region for 37 years averred that "a fee of $200 per hour is at the lower end of the hourly rates customarily charged in this locality for legal services" in a civil case. *See* Aff., Ex. 4, ¶ 5 (Bithell Aff.) (Docket No. 11-2); *see also id.* at Ex. 3 (Salladay Aff.). Mr. Jones has 26 years of experience as an attorney and $250 per hour is his normal billing rate. Aff., p. 6. The rate of $200 per hour for Mr. Swartz's time is reasonable because it is in line with the lower end of the hourly rates customarily charged and that it reflects Mr. Swartz's normal billing rate. *See* Aff. at ¶ 18. Finally, Ms. Bingham's lower rate of $150 per hour rate is commensurate with her years of experience and reasonable.

### 3.     Time Expended

The Court has carefully reviewed the billing records for the 60 hours and 48 minutes counsel attributed to this case, and finds that some of those hours were not reasonably expended. *See* Aff., p. 4 & Ex. 2a-2f (Docket No. 11-2). In determining the appropriate lodestar amount,

**ORDER - 4**

the court may exclude from the fee request any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Counsel represented six Plaintiffs in this case, filing one complaint for all of the Plaintiffs' claims, but submitted separate billing records for each. Some of the hours billed for each Plaintiff/client were for services unique to that client, e.g., a phone call or email to that client. Other hours listed in the billing records contain identical entries for all Plaintiffs, such as entries for telephone conferences "with process server regarding service of process" or "receipt and review notice of hearing." *See* Aff, Ex. 2a, p. 3; Ex. 2b, p.3. Time charged to each client for the same billing activity is redundant and should not be included in a reasonable attorney's fee. Accordingly, as set forth in Exhibit A to this Order, 9.4 hours will be excluded from the lodestar calculation, resulting in a $1,855 reduction in the requested attorney's fee, and Plaintiffs are awarded $10,275 as a reasonable attorney's fee. *See* Ex. A *infra*.

### III.   COSTS

Plaintiffs also seek to recover $300.00 in service fees and $179.40 in copying costs, *see* Aff., p. 3 (Docket No. 11-2), but have not explained what items were copied to incur that cost. Aff., Ex. 1. For this reason, the Court cannot determine whether the copy costs were reasonable or necessary and those costs will not be awarded. However, reimbursement for the service fees of $300.00 under 29 U.S.C.A. § 1132(g)(1) is reasonable and will be awarded.

**ORDER - 5**

## IV. ORDER

THEREFORE IT IS HEREBY ORDERED

1. Plaintiffs' Petition for an Award of Attorney Fees and Nontaxable Costs (Docket No. 11) is GRANTED, in part. Plaintiffs are awarded reasonable fees and costs, but in amounts less than Plaintiffs requested. Specifically, Plaintiffs are awarded $10,275 in attorney's fees and $300 in costs.

2. Upon entry of this Order, this case has come to its conclusion and shall be closed.

DATED: **March 24, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

*Colucci v. MPC*
**CV 08-494-S-REB**
**Exhibit A**

Time Excluded from Attorney's Fee Award

| Date | Description | Time | Exhibits | Amount Deducted* |
|---|---|---|---|---|
| 11/10/2008 | Telephone conference with E. Swartz | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $125.00 ($25 x 5) |
| 11/21/2008 | Case development | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 11/24/2008 | Further case development** | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 11/26/2008 | Telephone conference with process server regarding service of process | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 11/29/2008 | Draft e-mail to client regarding service of process | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 12/1/2008 | Telephone conference with process server; draft e-mail to process server** | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 12/2/2008 | Receipt and review notice of hearing** | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 12/4/2008 | Draft e-mail to client regarding service of process** | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 12/10/2008 | Receipt and review notice of service of process | .10 | 2a, 2c-2f | $80.00 ($20 x 4) |
| 12/15/2008 | Receipt and review notice from court; telephone conference with court | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 12/24/2008 | Review pleading regarding default; review complaint | .20 | 2a, 2b, 2c, 2d, 2d, 2f | $250.00 ($50 x 5) |

**ORDER - 7**

| Date | Description | Hours | Clients | Amount |
|---|---|---|---|---|
| 12/24/2008 | Receipt and review e-mail from E. Swartz regarding filing of request for default judgment; review supporting Affidavit; issue analysis | .40 | 2a, 2b, 2c, 2d, 2d, 2f | $300.00 ($60 x 5) |
| 12/29/2008 | Receipt and review notice of entry of default** | .10 | 2a, 2b, 2c, 2d, 2d, 2f | $100.00 ($20 x 5) |
| 1/2/2009 | Receipt and review Idaho Business Review Interview with J. Yeros** | .20 | 2a, 2b, 2c, 2d, 2d, 2f | $200.00 ($40 x 5) |
| **TOTAL** | | | | **$1855.00** |

\* The amount charged is multiplied by the number of redundant billing entries.
\*\* Only a portion of the time from these entries has been excluded because part of the time was billed for communication with the client or other tasks not duplicated in the other clients' records.

**ORDER - 8**