IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY COLUCCI, an Idaho resident; GEORGE BELL, an Idaho resident; RON SCHMELING, a Wisconsin resident; CHRIS ROONEY, a Missouri resident; JAY POLLMANN, a Colorado resident; and KEN BIGLER, a Wisconsin resident,<br><br>Plaintiffs,<br>vs.<br>MPC COMPUTERS, LLC SEVERANCE PLAN FOR EMPLOYEES; and JOHN P. YEROS, individually and in his capacity as Administrator of the MPC COMPUTERS, LLC SEVERANCE PLAN FOR EMPLOYEES,<br><br>Defendants. | Case No. CV08-0494-REB<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>(Dkts. 23 & 39) |

Pending before the Court is Defendants' Motion for Order to Show Cause (Dkt No. 23), as renewed by the request granted in the Order at Docket No. 40, and Plaintiffs' Motion to Lift Stay and Set Aside Default Judgment (Dkt No. 39). The parties have now consented to the jurisdiction of a United States Magistrate Judge (Dkt. 50).[1]  Having

---

[1] At the hearing, the Court expressed concern over whether it had authority under 28 U.S.C. § 636 to enter any of the relief requested by the parties' motions. *See Parks By and Through Parks v. Collins*, 761 F.2d 1101, 1106 (5th Cir. 1985) (explaining that a magistrate judge cannot enter or set aside a default judgment without either the consent of all parties or a referral from a district judge for a report and recommendation); 28 U.S.C. § 636(e)(4), (6). All parties submitted written consent to jurisdiction after the hearing.

considered the briefing and counsels' oral arguments, the Court enters the following Memorandum Decision and Order:

## I.  BACKGROUND

The Court held a show cause hearing to allow Plaintiffs' counsel to appear and show cause why sanctions should not be imposed for Plaintiffs' actions in this case.  A related issue is whether the Court can set aside the default judgment Plaintiffs obtained in this case, pursuant to Plaintiffs' motion to set aside the default judgment.  These motions stem from the events described below.

MPC Computers, LLC, and several related entities (collectively "MPC"), filed a Chapter 11 bankruptcy petition on November 6, 2008 in the U.S. District Court for the District of Delaware.  *See* Swartz Aff., Ex. (Dkt. 24-1).  The filing of this type of bankruptcy petition stays the commencement or continuation of a judicial proceeding against the debtor "or against the property of the debtor".  *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993).  *See also* 11 U.S.C. § 362(a).  A stay under 11 U.S.C. § 362 is "automatic" and goes into effect upon the filing of a bankruptcy petition.

The Court was not made aware of MPC's bankruptcy filing at the time Plaintiffs' counsel first learned of it, on December 31, 2008.  *See* Pl.'s Resp., App. A (Dkt. 24); Martin Aff., Ex. E (Dkt. 23-2).  At that time, the Court Clerk had entered default in this case against Defendants MPC Computers, LLC Severance Plan for Employees ("MPC Plan") and John P. Yeros ("Yeros").  *See* Dkt. 9.  Although the footer and some of the

text refer to the document entered on December 29, 2008 as a "default judgment," the header identifies the document as a "Clerk's Entry of Default" upon which a "Clerk's Default Judgment" was entered on February 27, 2009 (Dkt. 16) and an "Amended Clerk's Default Judgment" on March 26, 2009 (Dkt. 18)—after Plaintiffs' counsel learned of the MPC bankruptcy filing.[2] On April 3, 2009, Plaintiffs' counsel—who was aware of the MPC bankruptcy on or shortly after December 31, 2008—recorded the Judgment in Colorado where Defendant Yeros resides, an action that formed the basis for Defendants' Motion for Order to Show Cause, as renewed and at issue again. *See* Yeros Aff., p. 2 (Dkt. 23-3).

The Court considered the timing of the filings because, had the Court been notified about the bankruptcy filing when Plaintiffs' counsel first became aware of it, the possible application of the automatic bankruptcy stay in this case could have been acknowledged after the default but *before* a judgment was entered on that default. The Court explained in a prior Order that it

> would have found that the stay extended to this lawsuit for reasons similar to those described by Judge Lodge in his Order upholding a stay in the case of *McGuire v. MPC Computers, LLC Severance Plan*, CV08-538-S-EJL (Docket No. 10). That is, because the MPC Plan is apparently

---

[2] That the December 29, 2008 document is an entry of default and not a default judgment is confirmed by the Federal Rules of Civil Procedure. Rule 55(a) requires the Clerk to enter a party's default when that party has failed to plead or otherwise defend. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . ." Fed. R. Civ. P. 55(b)(1). Thus, the Clerk first entered default and later entered a judgment on Februrary 27, 2009, and amended judgment on March 26, 2009.

> unfunded and Defendants allege any benefits obtained by
> Plaintiffs under that Plan may be paid by the MPC debtors,
> the stay should extend to this lawsuit even though the MPC
> Plan is not named as a debtor in the bankruptcy.

Order (Dkt. 26) (citing *McGuire*, CV08-538-S-EJL (Aug. 26, 2009), Dkt. 10, p. 2)). As the Court has noted, the attorneys representing Plaintiffs in this case also represent the plaintiffs in the *McGuire* case, which is substantially similar to this case in terms of the named defendants, claims asserted, and relief sought.

Although an order staying the present case was not listed on the docket until Chief Magistrate Judge Candy W. Dale entered a docket entry order taking notice of the bankruptcy filing, a bankruptcy stay is an automatic stay that goes into effect on the date of the bankruptcy filing. On June 9, 2009, Judge Dale entered an order confirming that this case should be stayed pursuant to § 362(a), based on the information available to the Court at that time.

Because actions taken in violation of the automatic stay, *i.e.*, since November 2008, may be void, *see In re Schwartz*, 954 F.2d 569 (9th Cir. 1992), the Court determined in this case that Plaintiffs may not enforce the judgment entered after the automatic stay became effective, *without relief from the stay*. Order (Dkt. 26). After the Court determined that the bankruptcy court is in the best position to determine whether this case is covered by the automatic stay and whether relief from that stay is appropriate, Plaintiffs sought relief from the stay in bankruptcy court.

Defendants initially filed a motion for order to show cause in February of 2010, requesting that Plaintiffs and their counsel "be held in contempt for willful, continuing

and deliberate disobedience of [the] Court's June 9, 2009 Order which stayed this matter pursuant to 11 U.S.C. Section 362(a)." Mem. In Support, p. 2 (Dkt. 23-1). The Court denied the motion, without prejudice, after explaining that it would not address the issue of sanctions because "no action should be taken in this case [with] the automatic stay" in place. Order (Dkt. 26). The Court also explained that "it may be that Plaintiffs are entitled to relief from the stay, or that the bankruptcy court will determine the stay does not apply in this case." The Court ordered that Plaintiffs' counsel "seek relief from the stay in the bankruptcy court or a ruling from the bankruptcy court on whether the stay should even apply to this case" if Plaintiffs chose to maintain the judgment recorded in relation to Defendant Yeros's property, or to otherwise enforce the judgment. The Court cautioned that, "[i]f Plaintiffs choose to disregard the stay—and the court orders confirming that it applies in this case absent a bankruptcy court ruling to the contrary—the Court will set a hearing at which it will consider whether Plaintiffs and/or their counsel are in contempt of court and should be sanctioned for their actions."

Plaintiff sought relief from the bankruptcy court, which denied Plaintiffs' Motion for Determination on the Applicability of the Automatic Bankruptcy Stay to Non-Bankruptcy Debtors on September 7, 2010. Dkt. 39, Ex. 1. Bankruptcy Judge Peter Walsh explained at a hearing that the automatic stay "clearly applies" because if "the severance payment is to be made it's going to made out of the estate," and "[i]f it's made by Mr. Yeros, then he has an indemnification claim against the estate." Dkt. 35, Ex. C at p. 11 (8/26/10 hearing transcript).

Six days after the Bankruptcy Court entered its Order, Plaintiffs asked this Court to "lift" the bankruptcy stay so that they could remove the lien on Yeros's property. When denying Plaintiffs' Petition for Relief from Stay as moot on September 15, 2010, the Court explained:

> All collection activities must be suspended when a bankruptcy stay is in effect. *See United States v. Milwitt*, 475 F.3d 1150, 1153 (9th Cir. 2007). Relief from the automatic bankruptcy stay is not required for Plaintiffs to remove the judgment recorded on Defendant Yeros's property and for them to cease all efforts to collect on the judgment in this case.

Order (Dkt. 40). The Order provided that "[i]f, by October 5, 2010, Plaintiffs have not removed the judgment recorded on Defendant Yeros's property and otherwise ceased their attempts to collect on the judgment and amended judgment entered in this case, Defendants shall notify the Court and an expedited hearing will be scheduled." *Id.* at 3.

On September 15, 2010, Plaintiffs also requested that the Court lift the stay to set aside the default judgment. (Dkt. 39). Although Plaintiffs' counsel filed Notices of Releases of Recorded Judgment on September 17, 2010 (two days after the Court's Order requiring them to do so), Swartz Aff., Ex. 4 (Dkt. 46-1), on October 6, 2010, Defendants filed a notice stating that "Plaintiffs have not advised Defendants' counsel as to whether they have complied with the Court's directive" to remove the liens and they requested a hearing. (Dkt. 45).

Defendants have now renewed their previous motion to show cause, a motion that was denied without prejudice, and have requested that sanctions be imposed related to

Plaintiffs' prosecution of this case and judgment collection efforts after the automatic bankruptcy stay went into effect, as well as for their delays in releasing the lien on Yeros's property. (Dkt. 36).

Plaintiffs' Motion to Lift Stay for the Purpose of Setting Aside Default Judgment (Dkt. 39) also is still at issue. Defendants explain that Plaintiffs filed this motion only after attempting to require Defendants to withdraw their request for sanctions in exchange for Plaintiffs stipulating to set aside the default judgment. Response, p. 2 & Ex. A (Dkt. 41).

## II. DISCUSSION

### A. Plaintiff's Request to Lift the Stay[3]

Plaintiffs "wish to avoid further controversy and costs over [this] matter and . . . seek to have the default judgments set aside while preserving their rights to pursue their claims on the merits once allowed to do so by this Court." Motion, p. 2 (Dkt. 39). The Court will order the default judgment in this case in this case to be set aside, based both on Plaintiffs' motion and because it appears the default judgment was entered as a result of a mistake, and in violation of the stay.

Actions taken in violation of the automatic stay are void. *See In re Schwartz*, 954 F.2d 569 (9th Cir. 1992). Because the bankruptcy case had been filed when the Clerk entered the Default Judgment and an Amended Clerk's Default Judgment, and the stay

---

[3] The Court will refer to this request as one for "relief" from the stay to pursue this action.

applies to this action for the reasons described below, the Clerk's actions are void. Under these circumstances, it is appropriate to set aside the Clerk's Default Judgment and Amended Clerk's Default Judgment under Federal Rule of Civil Procedure 60(b). The entry of default and default judgment took place without the Clerk's or the Court's knowledge of the bankruptcy case or the automatic stay, therefore qualifying as a mistake. *See* Fed. R. Civ. P. 55(c) (providing that a court may set aside a default judgment under Rule 60(b)); Fed. R. Civ. P. 60(b)(1) & (4); *In re Schwartz*, 954 F.2d 569; *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("'mistake' and 'inadvertence' are not so limited, they may include mistake and inadvertence by the judge").

In making this determination, the Court has considered that where relief from a default judgment is sought, "appropriate exercise of . . . discretion under Rule 60(b) requires that the finality [of a judgment] interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). A court may correct its own mistake or inadvertence under Rule 60(b). *Kingvision Pay-Per-View*, 168 F.3d 350. This Court chooses to do exactly that in the present case. Although a motion for relief from final judgment must be made no more than a year after entry of judgment, this case has been stayed and Defendants were unable to submit such a motion in this case within the time provided in Rule 60(b)(c)(1) because of the stay. Additionally, Defendants' Motion for Order to Show Cause raised the issue of the judgment's validity and was filed before

the one-year deadline for filing a motion for relief from judgment had expired. Finally, Plaintiffs agree to set aside the default judgment.

For such reasons, the Clerk's Default Judgment and Amended Clerk's Default Judgment are set aside. Plaintiffs may resume their efforts to obtain a judgment in this case after the bankruptcy case is dismissed, the discharge granted or denied, or the property is no longer property of the estate. *See* 11 U.S.C. § 362(c)(1), (2).

**B. Defendants' Request for Sanctions**

Defendants request for an order of sanctions against Plaintiffs and/or their counsel for their actions in obtaining and attempting to collect on the default judgment entered in this case, as well as for failing to promptly remove the judgment recorded on Yeros's property.

*1. Contempt Sanctions*

The Court may sanction a party or its lawyers for acting in "willful disobedience of a court order . . . ," as well as for "willful abuse [of the] judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991). Sanctions imposed under the Court's inherent power "must be preceded by a finding of bad faith, or conduct tantamount to bad faith." *Gomez*, 255 F.3d at 1134 (citing *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001)). Recklessness may suffice when "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*

In their renewed motion, Defendants assert, among other things, that Plaintiffs violated the Court's June 15, 2010 Order requiring Plaintiffs to seek relief from the stay in bankruptcy court if they wanted to maintain "liens" (better described as a recorded judgment) on the Yeros's property. Order, p.4-5 (Dkt. 26). Ten days after the Court's Order, on June 25, 2010, Plaintiffs filed a notice of intent to file a request for the bankruptcy court to determine whether the stay applied to this case. (Dkt. 27). Nine business days after notifying the Court of their plan, Plaintiffs filed their request with the bankruptcy court.

That Plaintiffs did not seek stay relief from the bankruptcy court immediately after the Court entered its June 15th Order, does not mean they should be sanctioned. The Court finds that a 23 day delay between the Court's order and Plaintiffs filing of their motion for relief from the stay in bankruptcy court does not amount to a contempt of the Court's order requiring that Plaintiffs seek relief in bankruptcy court if they wanted to maintain the judgment recorded in relation to Yeros's property. Plaintiffs' counsel likely had to consult with their clients before deciding what to do and then had to determine how best to make a filing in bankruptcy court in the District of Delaware and to find counsel to assist with that filing. Frankly, the Court anticipated that action would have been taken more quickly; however, in the context of busy lawyers with busy practices, the delay did not reach so long as to leave an inescapable conclusion that Plaintiffs and their counsel were thumbing their noses at either this Court or the requirements of federal bankruptcy law.

Defendants also argue that this Court should find contempt because Plaintiffs should have requested relief from the bankruptcy stay in November 2008, when the bankruptcy case was filed, Defs.' Supp. Mem., p. 4 & n.1 (Dkt. 44), and every action taken since the bankruptcy filing have been in violation of the automatic stay, *id.* at p. 9. Defendants are technically correct that all of Plaintiffs' actions since November 21, 2008, if the stay applies to this action, were in violation of the automatic stay. Nonetheless, as this Court noted in its initial order denying without prejudice the motion for order to show cause and for sanctions, at the time these issues were being considered, it was not absolutely clear that the automatic stay applied to this case. First, Judge Lodge's Order in the similar *McGuire* case imposed a stay, but actually deferred to the bankruptcy court the issue of whether the automatic stay applied in that case as to the claims against Defendant Yeros. *McGuire*, CV08-538-S-EJL, Dkt. 10, (Aug. 26, 2009). Additionally, in the instant case, the Court noted that "it may be that Plaintiffs are entitled to relief from the stay, or that the bankruptcy court will determine the stay does not apply in this case." Order, p. 4 (Dkt. 26).

Although the bankruptcy court has now provided an answer[4] to whether the stay applies to this case, at the time Plaintiffs' counsel was making decisions and going

---

[4] Bankruptcy Judge Peter Walsh explained at a hearing that the automatic stay "clearly applies" because if "the severance payment is to be made it's going to made out of the estate," and "[i]f it's made by Mr. Yeros, then he has an indemnification claim against the estate." Dkt. 35, Ex. C at p. 11 (8/26/10 hearing transcript). There was some discussion at the bankruptcy court hearing about whether any indemnity claim by the non-debtors would be precluded by the bar date in the bankruptcy action, leaving open the question of whether harm would result from lifting the stay. *Id.* However, that discussion was in the context of lifting the stay, not whether the stay applied to the property MPC as the debtor in the first place.

forward, it was not clear whether the stay applied to the non-debtor defendants in this case or, if so, whether they would be entitled to relief from the stay. It has now been determined that the stay applies, but Plaintiffs at least had some basis to argue early on that the stay should not apply to this case because it involves individuals and entities who are not named as debtors in the bankruptcy case. Additionally, both Judge Dale and this Court ordered and confirmed imposition of a Section 362 stay in this case, but the possibility that the bankruptcy court would disagree (and instead agree with Plaintiffs that this case could go forward) was left open until Judge Walsh issued his decision.

On the other hand, Plaintiffs' counsel pursued a course of action that ignored the possibility the automatic stay might apply in this case, despite knowing of that possibility as early as December 2008.[5] Counsel had notice of the bankruptcy through their representation of plaintiffs in the similar *McGuire* case; they pressed the Court's clerk to enter an award of attorneys' fees and judgment as soon as possible[6]; and, when it appeared that the stay might apply in this case as recognized by Judge Dale and then this Court, Plaintiffs still dragged their feet on removing the judgment recorded in Colorado and ultimately opted to seek relief in bankruptcy court. Plaintiffs had the right to go to the bankruptcy court to ask for stay relief, but they chose to wait until facing sanctions

---

[5] Defendants' counsel notified Plaintiffs' counsel in their December 2008 letter of their view that the *McGuire* action "expressly violates the automatic stay and . . . [you] may be subject to sanctions for having violated this stay." Although that was in the *McGuire* case, it involved the same claims and against the same Defendants and suffices to give Plaintiffs' counsel some notice of the possibility of sanctions.

[6] This is not in the record, but is evident in telephone and email exchanges with court staff.

and ordered to do so before they made any effort to clear up whether enforcing the default judgment was appropriate. Moreover, throughout all of this Defendants' counsel has expended resources to work out the situation and remove the recorded judgment, both through informal communications and by way of court action.

Although Plaintiffs' counsel could have been more forthcoming and cooperative throughout the process, the Court finds that their actions were not motivated by the kind of intentional or reckless action that rises to a level requiring contempt sanctions be imposed, despite the fact that their actions have resulted in a loss of time and money on the part of Defendants and their counsel (an amount estimated at nearly $40,000). The Court accepts counsels' assertions that they thought the stay did not apply to this case because they were not bringing an action against one of the named bankruptcy debtors and their view that the proper procedure would have been for the non-debtors (the Plan and Yeros) to go to the bankruptcy court and seek an injunction of the actions in this District under 11 U.S.C. § 105(a). *See* Swartz Aff. (Dkt. 46-1); Pls.' Resp., pp. 10-14 (Dkt. 46).

Counsel also believed they were allowed to maintain the recorded judgment because it was recorded before Judge Dale's docket entry order and they relied on cases they interpreted to mean that they could maintain the recording because it was made before Judge Dale's order. Counsel was mistaken, because the cases they rely on involve post-bankruptcy petition perfection of a lien on an existing judgment. *See* Pls.' Resp. , p. 3, n. 7 (Dkt. 46) (citing *In re Cusson*, 412 B.R., 646, 655 (D. Vt. 2009). The significant

difference between the cases Plaintiffs' counsel relied on and this case is that the judgment in this case was obtained after the bankruptcy petition was filed, which is the date the stay commences in cases in which it applies. However, to the extent counsel misapprehended how bankruptcy stays come into existence and thought there was no stay until Judge Dale referenced the bankruptcy code in her June 2009 Order, the Court finds that this undermines a case for finding counsel in contempt. The Court will presume in these circumstances, in the absence of more, that Plaintiffs' counsel were meeting the requirements of their Oath and of their duties as officers of the court. The Court declines to exercise its discretion to impose contempt sanctions here.

### 2. *Damages for Stay Violation*

The Court's willingness to grant Plaintiffs' counsel and their clients the benefit of the doubt concerning the request for sanctions described above does not, however, readily extend to the statutory right to seek damages for willful violations of a bankruptcy stay, as permitted under 11 U.S.C. § 362(k). *See Sternberg v. Johnston*, 582 F.3d 1114, 1116 (9th Cir. 2009) (attorney had affirmative duty to comply with automatic stay and this duty included ensuring that actions did not prolong the violation of the automatic stay resulting from a state court motion filed prior to bankruptcy); *In re Dayley*, 06.1 I.B.C.R. 3, 4 (Bankr. D. Idaho 2006). A violation of the automatic stay is willful "if a party knew of the automatic stay, and its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1214 (9th Cir. 2002) (observing that a "party violating the automatic stay, through continuing a collection action in a non-bankruptcy

forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362[k]"). Once a court determines that a willful violation of the automatic stay has occurred, an award of actual damages is mandatory. *In re Wiersma*, 03.1 I.B.C.R. 42, 44 (Bankr. D. Idaho 2003). Both the law firm and client may be jointly sanctioned. *Eskanos & Adler*, 309 F.3d at 1215-16.

Plaintiffs' counsel argues that Yeros has not met his burden to show that damages are required under section 362(k) because he has not pointed to any order extending bankruptcy protection to him as a non-bankruptcy debtor. Pls.' Resp., p. 15 (Dkt 46). The Court agrees with Defendants that Judge Walsh's statements in the bankruptcy case are telling: "[I]f the severance payment is to be made it's going to be made out of the [bankruptcy] estate," and if a payment is made by Yeros, "then he has an indemnification claim against the estate," and therefore "362 clearly applies." Dkt. 35, Ex. C at p. 11 (8/26/10 hearing transcript). Because Judge Walsh determined that the assets of the bankrupt estate may be at stake, the automatic stay extends to actions against parties other than the debtor. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) (citing 2 Collier on Bankruptcy ¶ 362.02, at 362-31 to 362-32 (Lawrence P. King, ed., 15th ed. 1992); 8A C.J.S. Bankruptcy § 69 (1988 & Supp. 1992)).

However, the procedure used to confirm that this action by nondebtors falls within the automatic stay is somewhat unusual. A case cited by Plaintiffs, *In re All Seasons Resorts, Inc.*, explains that "the automatic stay under § 362 of the Code *may be* extended to cover non-debtors in special situations. However, to achieve this result, a debtor must

proceed through § 105(a)." 79 B.R. 901, 903 (Bkrtcy. C.D.Cal. 1987) (emphasis added). "In other words, *the extension of § 362 does not occur automatically* in this instance, but requires the filing of an appropriate adversary proceeding under § 105 and § 362 to achieve the desired result." *Id.* Neither the debtor nor Yeros sought to extend the stay to nondebtors Yeros and the MPC Plan. Instead, it was when Plaintiffs sought direction from the bankruptcy court about the propriety of the stay entered in this case that the bankruptcy court considered what Plaintiffs' representative at that hearing described as "the applicability of the automatic stay to two non-debtors." Notice, Ex. C, p. 5 (Dkt. 35).[7]

Another procedure, "if the liability of the non-debtor party were to affect the property of the bankruptcy estate, such as by a requirement that the debtor indemnify the non-debtor or by payment of the liability from a director's and officer's insurance policy," is "for the plaintiff in such a case to proceed against the non-debtor party through bankruptcy proceedings." *Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009); *see also In re Minoco Group of Cos.*, 799 F.2d 517, 518 (9th Cir. 1986) (affirming bankruptcy court's finding that insurance policy cancellation was automatically stayed because of its impact on debtor's obligation to indemnify officers and directors). This also was not the procedural path this case took.

---

[7] Counsel representing Plaintiffs at the bankruptcy hearing also later asked the bankruptcy court "for an order staying that [the *Colluci* and *McGuire*] actions have not been stayed or should not be stayed." Notice, Ex. C, p. 7 (Dkt. 35).

The Ninth Circuit has explained how the automatic bankruptcy stay impacts cases filed against non-debtors:

> Even [if a plaintiff proceeded against a non-debtor party through bankruptcy proceedings], the bankruptcy court would **first need to extend the automatic stay under its equity jurisdiction.** "'[S]uch extensions, although referred to as extensions of the automatic stay, [are] in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate**.*'" *Chugach*, 23 F.3d at 247 n. 6 (quoting *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir.1993)). *See also* 11 U.S.C. § 105[8] (providing the bankruptcy court's power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"); 28 U.S.C. § 1334(b) (establishing the bankruptcy court's jurisdiction over matters that are "related to" the bankruptcy). As in *Chugach*, the proceedings in the case at bar "are entirely retrospective." 23 F.3d at 247 n. 6. From all that appears, the defendant-managers never requested that the bankruptcy court enjoin the plaintiff's FLSA claim. The managers' subsequent request for dismissal of the plaintiff's claim in the district court is not analogous to a prospective request for an injunction from the bankruptcy court. *Id.*

*Boucher*, 572 F.3d at 1093 (emphases and footnote added).

Regardless of the procedure by which the stay has been extended to the non-debtors to this case, the proceedings before Judge Walsh make clear that the instant proceedings are enjoined from continuing at this time. Less clear is whether a stay extended to non-

---

[8] Bankruptcy courts have the authority to grant injunctive relief under § 105(a), which allows the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under § 105(a) the bankruptcy court may enjoin an action against a non-debtor, effectively extending the automatic stay to actions (beyond those subject to § 362(a)) that "threaten the integrity of a bankrupt's estate." *In re Fabtech Industries, Inc.*, 2010 WL 6452908, *3 (9th Cir.BAP 2010) (quoting *In re Canter*, 299 F.3d at 1155 (citation omitted)).

debtors provides a basis for sanctions, because sanctions are based, in part, on knowledge of the automatic stay. Although Plaintiffs' counsel had knowledge of the MPC bankruptcy, and defense counsels' opinion that the stay applied to this case, there is authority (cited above) stating that the stay must be extended to non-debtors, it does not arise automatically. To the extent Plaintiffs' counsel needed knowledge of the bankruptcy *stay*, the Court finds their knowledge of the stay in this case arose when Judge Walsh made his decision. Although this Court and Judge Dale had cited to the automatic stay provision as a reason to stay this case, this Court allowed Plaintiffs to seek direction from the bankruptcy court. After Judge Walsh determined that the stay applies, Plaintiffs acted to remove the recorded judgment and set aside the default. The Court finds that it was when Judge Walsh issued his ruling that Plaintiffs had knowledge of the bankruptcy stay's application to actions against the non-debtor defendants in this case. Once that occurred, Plaintiffs removed the recorded judgment and filed a motion to set aside the default judgment.

### III. ORDER

For the reasons explained above, Defendants' Motion for Order to Show Cause (Dkt No. 23), as renewed by the request granted in the Order at Docket No. 40, is DENIED.

Plaintiffs' Motion to Lift Stay and Set Aside Default Judgment (Dkt No. 39) is GRANTED to the extent it seeks to have the default judgment set aside. The "Clerk's Default Judgment," entered on February 27, 2009 (Dkt. 16), and the "Amended Clerk's Default Judgment," entered on March 26, 2009 (Dkt. 18), are hereby set aside. This case

shall be reopened, but stayed until MPC's bankruptcy proceedings are concluded. Plaintiffs' counsel shall notify this Court within 14 days of any bankruptcy court decision that allows the Court to proceed with this case. This case will continue to be stayed until that time.

DATED: **September 30, 2011**.

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge